IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,149-02






EX PARTE DAVID MCLAIN BAILEY, SR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM FANNIN COUNTY

IN CAUSE NO. 18414

IN THE 336TH DISTRICT COURT



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of driving while intoxicated and sentenced to confinement for five years. No
direct appeal was taken. 

 Applicant contends that he is being denied street credits while on parole and jail
credits pending a parole revocation hearing. The trial court has not entered findings of fact
or conclusions of law. We believe that Applicant has alleged facts that, if true, might entitle
him to relief. Therefore, it is this Court's opinion that additional facts need to be developed
and because this Court cannot hear evidence, the trial court is the appropriate forum. The
trial court may resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d),
in that it shall order affidavits, depositions, or interrogatories from TDCJ-Parole Division,
or it may order a hearing. In the appropriate case the trial court may also rely on its personal
recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall first make findings
of fact as to whether the TDCJ documents Applicant submitted are authentic and whether
Applicant has exhausted his administrative remedies with the time credit resolution system
before he filed the present application for writ of habeas corpus. If the trial court determines
that the documents are authentic and that Applicant has exhausted his administrative
remedies, it shall then make findings of fact as to the date Applicant was incarcerated
pending parole revocation and what credit he has already received for such confinement. The
trial court shall also make findings of fact as to when Applicant was released on parole, when
the warrant or summons was issued that resulted in his revocation, and whether he has
received credit for his time out of custody on parole. The trial court shall also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 15TH DAY OF FEBRUARY, 2006.

 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.